```
                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION


STEVEN BRETT DILL, FEDEX          )
FREIGHT EAST, INC.,               )
                                  )
            Plaintiffs            )
                                  )
      v.                          )   Case No. 2:05 cv 379
                                  )
ROBERT MANGIARULO, FEDERAL        )
EXPRESS CORP., UNITED PARCEL      )
SERVICE CO., RJW TRANSPORT INC.)
                                  )
            Defendants            )
*****************************
FEDEX FREIGHT EAST, INC.,         )
                                  )
            Plaintiff             )
                                  )
      v.                          )   Case No. 2:05 cv 449
                                  )
RJW TRANSPORT, INC.,              )
                                  )
            Defendant             )
*****************************
MARIA TUFANO, Executrix of the    )
Estate of ROBERT MANGIARULO,      )
Deceased,                         )
                                  )
            Plaintiff             )
                                  )
      v.                          )   Case No. 2:06 cv 294
                                  )
KEVIN ARMSTRONG, UNITED PARCEL    )
SERVICE, INC., STEVEN DILL,       )
BARICK, INC., RJW                 )
TRANSPORTATION,                   )
                                  )
            Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Consolidate filed by the defendant, United Parcel Service, Inc. (UPS), on December 12, 2006, in the action consolidated under cause number

2:05-CV-379 and the objection filed to this motion in cause number 2:06-CV-294. For the reasons set forth below, this motion to consolidate is **DENIED WITHOUT PREJUDICE**. The defendant, UPS, is **ORDERED** to show cause why this court has jurisdiction over the claims in the cases consolidated under cause number 2:05-CV-379 and in cause number 2:06-CV-294.

## Background

The claims in these related causes of action arose from a single accident involving three northbound tractor-trailers that occurred on July 29, 2004 on Interstate 65 in Merrillville, Indiana. The complaints allege that a UPS tractor-trailer driven by Kevin Armstrong became detached and came to rest in the highway's travel lane. The next vehicle to arrive at the location was an RJW Transport truck driven by Steven Brent Dill, followed by a Fedex Freight East (Fedex Freight) truck driven by Robert Mangiarulo.  The resulting collision involved all three vehicles. The Fedex Freight driver, Robert Mangiarulo, died as a result of the crash.

On April 13, 2005, Steven Brent Dill, the driver of the RJW vehicle, filed suit against Federal Express Corporation, UPS, and each company's driver in the Lake County Circuit Court.  On May 3, 2005, Dill amended the complaint to name Fedex Freight East in place of Federal Express.

In response to the complaint, Fedex Freight asserted a counterclaim against Dill and crossclaims against UPS and its driver, Kevin Armstrong. In addition, Fedex Freight filed a

separate claim against RJW Transport, who in turn filed a third-party complaint against UPS. On August 14, 2005, these suits were consolidated for "discovery and all pre-trial proceedings" in the Lake Superior Court. On September 12, 2005, Kevin Armstrong was dismissed from all claims. This cause of action was removed to this court on October 13, 2005, and the parties consented to the jurisdiction of the magistrate judge on December 8, 2005.

On December 16, 2005, Fedex Freight filed a separate cause of action in this court against RJW, who in turn asserted a counterclaim against Fedex Freight and a third-party complaint against UPS (Cause 2:05-CV-449). This cause was consolidated with the removed claims on January 13, 2006 (the "Dill" cases). On September 29, 2006, Dill's original claims were dismissed with prejudice, leaving the cross-, counter-, and third-party claims seeking recovery for property damage. (*See* 2:05-CV-379, September 29, 2006 Order, DE 19)

A third case was filed relating to this incident on July 27, 2006, by Maria Tufano, the executrix of the estate of Robert Mangiarulo, the Fedex driver killed in the accident (the "Tufano" case). This cause of action was filed in Lake County Circuit Court and removed to this court on the basis of diversity jurisdiction. Tufano named as defendants UPS, RJW, Steven Dill, and Kevin Armstrong. UPS removed the case to this court on August 18, 2006 and now seeks an order consolidating this case with the Dill cases. UPS states that the remaining claims in the Dill cases no longer meet the jurisdictional threshold of $75,000, but if

3

consolidated with the Tufano case, jurisdiction would be regained.

## Discussion

The court's first duty in every suit is to determine the existence of subject matter jurisdiction. *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Each case in this matter is before the court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. This statute grants original jurisdiction to the court over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. §1332(a)(1). The statute further provides that a corporation is deemed a citizen of both its state of incorporation and the location of its principal place of business, and the legal representative of an estate is deemed a citizen of the same state as the decedent. 28 U.S.C. §1332(c).

The diversity requirement is based upon "complete" diversity, which prohibits any citizen of the same state from appearing on "both sides" of a case. *See Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir. 2006)(*citing Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)); *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 676 (7th Cir. 2006)("[Section] 1332 requires complete diversity, meaning that no plaintiff may be from the same state as any defendant.")(internal citation omitted).

The $75,000 jurisdictional amount is measured at the time

4

the suit is filed and is applicable to the case as a whole. *Johnson*, 361 F.3d at 993 ("It is the *case*, rather than the *claim*, to which the $75,000 minimum applies.")(emphasis in original). Further, "the fact that subsequent events reduce the total amount in controversy will not divest the court of diversity jurisdiction." *Grinnell Mutual Reinsurance Company v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997)(*citing St. Paul Mercury Idem. Company v. Red Cab Company*, 303 U.S. 283, 289-90, 58 S.Ct. 586, 590-91, 82 L.Ed. 845 (1938). However, when original jurisdiction is founded upon diversity, the court may not exercise supplemental jurisdiction over claims brought by plaintiffs against persons made parties under Federal Rules of Civil Procedure 14 (third-party claims), 19 (joinder of necessary parties), 20 (permissive party joinder), or 24 (intervention) if adding the party is inconsistent with §1332.  28 U.S.C. §1367(b); *Aurora Loan Services, Inc. v. Craddieth,* 442 F.3d 1018, 1025 (7th Cir. 2006) (*quoting Viacom International, Inc. v. Kearney*, 212 F.3d 721, 726-27 (2nd Cir. 2000))("Section '1367(b) reflects Congress' intent to prevent *original* plaintiffs . . . from circumventing the requirements of diversity.'(emphasis added).").

   The court cannot reach the issue of consolidation because the pleadings in both the Dill and Tufano cases raise questions regarding the court's jurisdiction. However, the concern is not, as UPS argues, that the amount in controversy in the Dill cases has dropped below the jurisdictional amount. There is no doubt that this requirement was met at the time the cases were removed.

5

The fact that some claims have been dismissed from the case does not require the court to remand the claim. *See* **Herremans v. Carrera Designs, Inc**., 157 F.3d 1118, 1121 (7th Cir. 1998)("And if losing an entire case does not deprive the district court of jurisdiction, neither does losing part of it."); **Carter v. Tennant Company**, 383 F.3d 673, 681 (7th Cir. 2004)("[A] district court could not dismiss a claim for failure to meet the jurisdictional amount after it had disposed of other claims on the merits.").

Though the jurisdictional amount in these removed matters does not present questions, the citizenship of the parties does. The court first notes that the record is not clear with respect to the citizenship of Fedex Freight. In its own complaint, filed in the later of the Dill cases, Fedex Freight represents that Arkansas is both its state of incorporation and its principal place of business. In the notice of removal of the earlier Dill case, UPS asserts that FedEx Freight is incorporated in Delaware with its principal place of business in Tennessee. This lack of clarity most likely regards the substitution of Fedex Freight for Federal Express Corporation, presuming that these are two separate corporations with distinct citizenship. However, the record does not permit the court to clarify this presumption. The court notes that diversity jurisdiction potentially is improper only if the Federal Express entity that is a plaintiff in the later Dill case (2:05-CV-449) is a Delaware citizen. However, the record does not resolve this question. As the party removing this

6

matter, UPS is **ORDERED** to clarify this matter and if necessary, to show cause why the court has jurisdiction over this claim.

The second citizenship concern regards the Tufano case. Both the state court complaint and the Notice of Removal filed by UPS fail to state the citizenship of Robert Mangiarulo. However, the removal notice in the Dill cases state that Mangiarulo was a citizen of Illinois. The state court summons was sent to him at an Illinois address.  Consequently, if Mangiarulo was an Illinois citizen, Illinois necessarily becomes the citizenship for the executrix, Maria Tufano.  See 28 U.S.C. §1332(c). Because the defendant RJW appears to be a citizen of Illinois, if Mangiarulo also is an Illinois citizen, diversity is not met, and the court lacks subject matter jurisdiction.  The court further notes that residency and citizenship for diversity purposes are not necessarily equated. See **Camico Mutual Insurance Company v. Citizens Bank**, __ F.3d __,  2007 WL 286533 at *2 (7th Cir. 2007)("We were unable to determine based on the pleadings whether the parties are completely diverse, however, because the amended complaint only alleged the residence of two of the accounting firm's members without stating the citizenship of each of the accounting firm's members at the time this action commenced.")(emphasis added). Accordingly, the removing party, UPS, is **ORDERED** to show cause why this matter should not be dismissed for lack of jurisdiction.

Because the court cannot ascertain its jurisdiction over the Tufano case, it cannot address the consolidation of that case

7

with the Dill cases. The motion to consolidate is **DENIED WITHOUT PREJUDICE**. In the event that jurisdiction over Tufano is proper, the parties may refile a motion to consolidate.

_____

    For the foregoing reasons, the Motion to Consolidate filed by the defendant, United Parcel Service, Inc. (UPS), on December 12, 2006, in 2:05-CV-379 (DE 22) is **DENIED WITHOUT PREJUDICE**. The defendant UPS is **ORDERED** to show cause why this court has jurisdiction over this claims in the cases consolidated under 2:05-CV-379 and in 2:06-CV-294.

    ENTERED this 1st day of March, 2007

                                     s/ ANDREW P. RODOVICH
                                         United States Magistrate Judge

```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


STEVEN BRETT DILL, FEDEX        )
FREIGHT EAST, INC.,             )
                                )
          Plaintiffs            )
                                )
     v.                         )    Case No. 2:05 cv 379
                                )
ROBERT MANGIARULO, FEDERAL      )
EXPRESS CORP., UNITED PARCEL    )
SERVICE CO., RJW TRANSPORT INC.)
                                )
          Defendants            )
******************************
FEDEX FREIGHT EAST, INC.,       )
                                )
          Plaintiff             )
                                )
     v.                         )    Case No. 2:05 cv 449
                                )
RJW TRANSPORT, INC.,            )
                                )
          Defendant             )
******************************
MARIA TUFANO, Executrix of the )
Estate of ROBERT MANGIARULO,    )
Deceased,                       )
                                )
          Plaintiff             )
                                )
     v.                         )    Case No. 2:06 cv 294
                                )
KEVIN ARMSTRONG, UNITED PARCEL )
SERVICE, INC., STEVEN DILL,     )
BARICK, INC., RJW               )
TRANSPORTATION,                 )
                                )
          Defendants            )
```

<u>OPINION AND ORDER</u>

This matter is before the court on the Motion to Consolidate filed by the defendant, United Parcel Service, Inc. (UPS), on December 12, 2006, in the action consolidated under cause number

2:05-CV-379 and the objection filed to this motion in cause number 2:06-CV-294. For the reasons set forth below, this motion to consolidate is **DENIED WITHOUT PREJUDICE**. The defendant, UPS, is **ORDERED** to show cause why this court has jurisdiction over the claims in the cases consolidated under cause number 2:05-CV-379 and in cause number 2:06-CV-294.

## Background

The claims in these related causes of action arose from a single accident involving three northbound tractor-trailers that occurred on July 29, 2004 on Interstate 65 in Merrillville, Indiana. The complaints allege that a UPS tractor-trailer driven by Kevin Armstrong became detached and came to rest in the highway's travel lane. The next vehicle to arrive at the location was an RJW Transport truck driven by Steven Brent Dill, followed by a Fedex Freight East (Fedex Freight) truck driven by Robert Mangiarulo.  The resulting collision involved all three vehicles. The Fedex Freight driver, Robert Mangiarulo, died as a result of the crash.

On April 13, 2005, Steven Brent Dill, the driver of the RJW vehicle, filed suit against Federal Express Corporation, UPS, and each company's driver in the Lake County Circuit Court.  On May 3, 2005, Dill amended the complaint to name Fedex Freight East in place of Federal Express.

In response to the complaint, Fedex Freight asserted a counterclaim against Dill and crossclaims against UPS and its driver, Kevin Armstrong. In addition, Fedex Freight filed a

2

separate claim against RJW Transport, who in turn filed a third-party complaint against UPS. On August 14, 2005, these suits were consolidated for "discovery and all pre-trial proceedings" in the Lake Superior Court. On September 12, 2005, Kevin Armstrong was dismissed from all claims. This cause of action was removed to this court on October 13, 2005, and the parties consented to the jurisdiction of the magistrate judge on December 8, 2005.

On December 16, 2005, Fedex Freight filed a separate cause of action in this court against RJW, who in turn asserted a counterclaim against Fedex Freight and a third-party complaint against UPS (Cause 2:05-CV-449). This cause was consolidated with the removed claims on January 13, 2006 (the "Dill" cases). On September 29, 2006, Dill's original claims were dismissed with prejudice, leaving the cross-, counter-, and third-party claims seeking recovery for property damage. (*See* 2:05-CV-379, September 29, 2006 Order, DE 19)

A third case was filed relating to this incident on July 27, 2006, by Maria Tufano, the executrix of the estate of Robert Mangiarulo, the Fedex driver killed in the accident (the "Tufano" case). This cause of action was filed in Lake County Circuit Court and removed to this court on the basis of diversity jurisdiction. Tufano named as defendants UPS, RJW, Steven Dill, and Kevin Armstrong. UPS removed the case to this court on August 18, 2006 and now seeks an order consolidating this case with the Dill cases. UPS states that the remaining claims in the Dill cases no longer meet the jurisdictional threshold of $75,000, but if

3

consolidated with the Tufano case, jurisdiction would be regained.

## Discussion

The court's first duty in every suit is to determine the existence of subject matter jurisdiction. *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). Each case in this matter is before the court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. This statute grants original jurisdiction to the court over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. §1332(a)(1). The statute further provides that a corporation is deemed a citizen of both its state of incorporation and the location of its principal place of business, and the legal representative of an estate is deemed a citizen of the same state as the decedent. 28 U.S.C. §1332(c).

The diversity requirement is based upon "complete" diversity, which prohibits any citizen of the same state from appearing on "both sides" of a case. See *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006)(*citing* *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806)); *Hart v. FedEx Ground Package System, Inc*., 457 F.3d 675, 676 (7th Cir. 2006)("[Section] 1332 requires complete diversity, meaning that no plaintiff may be from the same state as any defendant.")(internal citation omitted).

The $75,000 jurisdictional amount is measured at the time

4

the suit is filed and is applicable to the case as a whole. *Johnson*, 361 F.3d at 993 ("It is the *case*, rather than the *claim*, to which the $75,000 minimum applies.")(emphasis in original). Further, "the fact that subsequent events reduce the total amount in controversy will not divest the court of diversity jurisdiction." *Grinnell Mutual Reinsurance Company v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997)(*citing* *St. Paul Mercury Idem. Company v. Red Cab Company*, 303 U.S. 283, 289-90, 58 S.Ct. 586, 590-91, 82 L.Ed. 845 (1938). However, when original jurisdiction is founded upon diversity, the court may not exercise supplemental jurisdiction over claims brought by plaintiffs against persons made parties under Federal Rules of Civil Procedure 14 (third-party claims), 19 (joinder of necessary parties), 20 (permissive party joinder), or 24 (intervention) if adding the party is inconsistent with §1332.  28 U.S.C. §1367(b); *Aurora Loan Services, Inc. v. Craddieth,* 442 F.3d 1018, 1025 (7th Cir. 2006) (*quoting* *Viacom International, Inc. v. Kearney*, 212 F.3d 721, 726-27 (2nd Cir. 2000))("Section '1367(b) reflects Congress' intent to prevent *original* plaintiffs . . . from circumventing the requirements of diversity.'(emphasis added).").

The court cannot reach the issue of consolidation because the pleadings in both the Dill and Tufano cases raise questions regarding the court's jurisdiction. However, the concern is not, as UPS argues, that the amount in controversy in the Dill cases has dropped below the jurisdictional amount. There is no doubt that this requirement was met at the time the cases were removed.

5

The fact that some claims have been dismissed from the case does not require the court to remand the claim. See **Herremans v. Carrera Designs, Inc**., 157 F.3d 1118, 1121 (7th Cir. 1998)("And if losing an entire case does not deprive the district court of jurisdiction, neither does losing part of it."); **Carter v. Tennant Company**, 383 F.3d 673, 681 (7th Cir. 2004)("[A] district court could not dismiss a claim for failure to meet the jurisdictional amount after it had disposed of other claims on the merits.").

Though the jurisdictional amount in these removed matters does not present questions, the citizenship of the parties does. The court first notes that the record is not clear with respect to the citizenship of Fedex Freight. In its own complaint, filed in the later of the Dill cases, Fedex Freight represents that Arkansas is both its state of incorporation and its principal place of business. In the notice of removal of the earlier Dill case, UPS asserts that FedEx Freight is incorporated in Delaware with its principal place of business in Tennessee. This lack of clarity most likely regards the substitution of Fedex Freight for Federal Express Corporation, presuming that these are two separate corporations with distinct citizenship. However, the record does not permit the court to clarify this presumption. The court notes that diversity jurisdiction potentially is improper only if the Federal Express entity that is a plaintiff in the later Dill case (2:05-CV-449) is a Delaware citizen. However, the record does not resolve this question. As the party removing this

6

matter, UPS is **ORDERED** to clarify this matter and if necessary, to show cause why the court has jurisdiction over this claim.

The second citizenship concern regards the Tufano case. Both the state court complaint and the Notice of Removal filed by UPS fail to state the citizenship of Robert Mangiarulo. However, the removal notice in the Dill cases state that Mangiarulo was a citizen of Illinois. The state court summons was sent to him at an Illinois address.  Consequently, if Mangiarulo was an Illinois citizen, Illinois necessarily becomes the citizenship for the executrix, Maria Tufano.  See 28 U.S.C. §1332(c). Because the defendant RJW appears to be a citizen of Illinois, if Mangiarulo also is an Illinois citizen, diversity is not met, and the court lacks subject matter jurisdiction.  The court further notes that residency and citizenship for diversity purposes are not necessarily equated. See **Camico Mutual Insurance Company v. Citizens Bank**, __ F.3d __,  2007 WL 286533 at *2 (7th Cir. 2007)("We were unable to determine based on the pleadings whether the parties are completely diverse, however, because the amended complaint only alleged the residence of two of the accounting firm's members without stating the citizenship of each of the accounting firm's members at the time this action commenced.")(emphasis added). Accordingly, the removing party, UPS, is **ORDERED** to show cause why this matter should not be dismissed for lack of jurisdiction.

Because the court cannot ascertain its jurisdiction over the Tufano case, it cannot address the consolidation of that case

7

with the Dill cases. The motion to consolidate is **DENIED WITHOUT PREJUDICE**. In the event that jurisdiction over Tufano is proper, the parties may refile a motion to consolidate.

_____

   For the foregoing reasons, the Motion to Consolidate filed by the defendant, United Parcel Service, Inc. (UPS), on December 12, 2006, in 2:05-CV-379 (DE 22) is **DENIED WITHOUT PREJUDICE**. The defendant UPS is **ORDERED** to show cause why this court has jurisdiction over this claims in the cases consolidated under 2:05-CV-379 and in 2:06-CV-294.

   ENTERED this 1st day of March, 2007


                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge

8